SHARON D. MAYO (SBN 150469)
sharon.mayo@aporter.com
ARNOLD & PORTER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Facsimile: (415) 471-3400

AMIE L. MEDLEY (SBN 266586)
amie.medley@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Attorneys for Plaintiffs
UNIVERSAL POLYGRAM INTERNATIONAL
PUBLISHING, EMI APRIL MUSIC INC.,
STARRLITE UNIVERSAL PUBLISHING,
SUBTRACTIVE, and PILLOWFACE
PUBLISHING

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING, EMI APRIL MUSIC INC., STARRLITE UNIVERSAL PUBLISHING, SUBTRACTIVE, and PILLOWFACE PUBLISHING,<br><br>Plaintiffs,<br><br>v.<br><br>MACARTHUR VENTURES, L.L.C. and VINCENT ANTHONY CAPIZZI, II,<br><br>Defendants. | Case No. 8:16-CV-00080<br><br>**COMPLAINT FOR VIOLATIONS OF COPYRIGHT ACT**<br><br>(17 U.S.C. §§ 101 et seq.) |

Plaintiffs Universal Polygram International Publishing, EMI April Music Inc., Starrlite Universal Publishing, Subtractive, and Pillowface Publishing ("Plaintiffs"), by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs, named in Column 2[*] are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant Macarthur Ventures, L.L.C. ("Macarthur Ventures") is a limited liability company organized under the laws of the state of California with offices at 4647 Macarthur Boulevard, Newport Beach, California 92660.

6. At all times hereinafter mentioned, Macarthur Ventures did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Ten Nightclub, located at 4647 Macarthur Boulevard, Newport Beach, California 92660.

7. Musical compositions were and are publicly performed at Ten Nightclub.

---

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

8. On information and belief, defendant Vincent Anthony Capizzi, II ("Capizzi" together with Macarthur Ventures, the "Defendants") is an individual who resides and/or does business in this district.

9. At all times hereinafter mentioned, Capizzi was, and still is, a Managing Member of Macarthur Ventures.

10. At all times hereinafter mentioned, Capizzi was, and still is, responsible for the control, management, operation and maintenance of the affairs of Macarthur Ventures.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Ten Nightclub, including the right and ability to supervise and control the public performance of musical compositions at Ten Nightclub.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Ten Nightclub.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

13. Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 550,000 songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. Since November 2013, ASCAP representatives have made more than 20 attempts to contact Defendants, or their representatives, agents, or employees, to offer

an ASCAP license for Ten Nightclub. ASCAP has contacted Defendants by phone, by mail, by e-mail, and in person.

16. Defendants have refused all of ASCAP's license offers for Ten Nightclub.

17. ASCAP's various communications put Defendants on notice that unlicensed performances of ASCAP's members' musical compositions at Ten Nightclub constitute copyright infringement of ASCAP's members' copyrights in their musical works.

18. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Ten Nightclub, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

19. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

20. Each composition was published on the dates stated in Column 5, and since the date of publication have been printed and published in conformity with Title 17 of the United States Code.

21. Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

22. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Ten Nightclub, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

23. The public performances at Ten Nightclub of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

24. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

25. The many unauthorized performances at Ten Nightclub include the performances of the three (3) copyrighted musical compositions upon which this action is based.

26. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

27. The said wrongful acts of Defendants have caused and are causing great injury to Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions – or any of them – and from causing or permitting the said compositions to be publicly performed at Ten Nightclub, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than

1  Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars
2  ($750) in each cause of action herein.
3      III.    That Defendants be decreed to pay the costs of this action and that a
4  reasonable attorney's fee be allowed as part of the costs.
5      IV.    For such other and further relief as may be just and equitable.

Dated: January 20, 2016    ARNOLD & PORTER LLP

By: /s/ Amie Medley
SHARON D. MAYO (SBN 150469)
AMIE L. MEDLEY (SBN 266586)

*Attorneys for Plaintiffs*

# Schedule A

Columns

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Date of Known Infringement |
| 1. | UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING | SWEET NOTHING | Florence Leontine Mary Welch<br><br>Adam Richard Wiles (p/k/a Calvin Harris)<br><br>Thomas Edward Percy Hull (p/k/a Kid Harpoon) | October 12, 2012 | PA 1-825-020 | May 29, 2015 |
| 2. | EMI APRIL MUSIC INC. | WE FOUND LOVE | Calvin Harris | September 22, 2011 | PA 1-789-462 | May 29, 2015 |
| 3. | STARRLITE UNIVERSAL PUBLISHING<br><br>SUBTRACTIVE<br><br>PILLOWFACE PUBLISHING | CONTROL FREAK | Justin Robert Bates<br><br>Steven Hiroyuki Aoki (Steve Aoki)<br><br>Charles Smith<br><br>Kristen Kay Boutier | January 10, 2012 | PA 1-804-666 | November 7, 2015 |

- 7 -

COMPLAINT FOR VIOLATIONS OF COPYRIGHT ACT